United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10295
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LORENZO COTTON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CR-72-ALL-J
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Lorenzo Cotton appeals his conviction for possession with
intent to distribute cocaine base. Challenging the denial of his
motion to suppress, he argues that (1) the search warrant was
supported by only a "bare bones" affidavit, precluding
application of the good-faith exception to the probable cause
requirement, and (2) exigent circumstances failed to excuse the
officers' failure to knock and announce when executing the
warrant.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that the affidavit in this case, nearly identical in all pertinent respects to the affidavit at issue in United States v. McKnight, 953 F.2d 898, 904-05 (5th Cir. 1992), was not a "bare bones" affidavit or facially invalid. Therefore, the good-faith exception to the warrant requirement is applicable, and we need not reach the issue whether the warrant was in fact supported by probable cause. United States v. Davis, 226 F.3d 346, 351 (5th Cir. 2000).

We further hold that the officers' failure to knock and announce was reasonable and therefore not violative of the Fourth Amendment based on the following non-exclusive list of exigent circumstances: (1) Cotton had several prior arrests for violent crimes; (2) there was evidence that he had fought with police on one occasion; (3) there was reliable information that he carried a firearm; (4) he was on state parole; and (5) there was a risk of evidence destruction. See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003).

AFFIRMED.